REC'D MAY 1 3 2025

United States District Court
for the Eastern District of Pennsylvania

REC'D MAY 1 3 2025

# LEGAL NOTICE OF SUIT

## Pursuant to USC TITLE 18 U.S.C. Section 241 & 242
## PROPER ARTICLE III JURISDICTION

| | |
|---|---|
| CYNTHIA D BIGGS EL [Cynthia D. Biggs El] | Case No. _____ |
| Plaintiff, | |
| vs. | |
| HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA (HUP), | **CLAIM FOR:** **BATTERY,** **RECKLESS ENDANGERMENT,** |
| PERELMAN SCHOOL OF MEDICINE, | **DENIAL OF PATIENT SELF-DETERMINATION,** |
| PENN MEDICINE, | **ELDER PATIENT ABUSE** |
| ALLIED UNIVERSAL SECURITY SERVICES, | |
| STEVE JONES [Steve Jones], | |
| UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM, | |
| KEVIN B MAHONEY [Kevin B. Mahoney], | |
| TRACY FILES [Tracy Files], | |
| LISA SATOR [Lisa Sator] | |
| Defendants. | |

## DECLARATION OF STATUS

COMES NOW Cynthia D. Biggs El, a Moorish American National, an Aboriginal, Indigenous Natural Divine Being manifested in Human Flesh to the Americas, In Propria Persona, Sui Juris, not nom-de-guerre, straw-man or any other artificial corporate construct, as written or scribed in ALL CAPITAL LETTERS and written by the unclean hands of others. Cynthia D. Biggs El is consanguineous to the primogenitors of this land, and does not waive or abandon any of her birthrights.

## NATURE OF ACTION

1. Biggs El reported to HUP Emergency Room for emergency dialysis on Tuesday, April 15 2025. The doctors at HUP decided to admit Biggs El to the hospital as an in-patient. Biggs El usually has in her possession a small supply of her blood pressure medication and over-the-counter turmeric pills for inflammation. The small Ziploc sandwich bag of medication was in the

pocket of her sweat pants, but apparently fell out. The two nurses on duty saw the bag of medication and took it without her knowledge. Once Biggs El discovered the bag of medication missing, she asked the nurses to return it. They returned it, but they also arranged behind Biggs El's back to have someone from security come up to her room to apprehend the package. This was even after Biggs El explained the contents of the Ziploc bag to the nurses.

2. A security guard twice Biggs El's size and weight, wearing a bullet proof vest and equipped with handcuffs came up and started violently going after the package of medication. At that time Biggs El was holding the package in her right hand. Biggs El also had a small purse in the bed beside her and the security guard grabbed the purse. Biggs El reached to get it back and the bag of medication fell out of her hand. The security guard grabbed the bag of medication. In a desperate attempt to stop the contravention, Biggs El slapped the security guard across his back, but he simply laughed it off. He then had the purse and the bag of medication in his possession. He took them both to the back of the room, placed them on a chair where he ravaged through them. He was delving through sections of the small purse not even big enough to hold a package of medication.

3. While going through Biggs El's purse, his back was turned to her and the two nurses who were standing by watching. Biggs El had $13 in cash to cover parking, of which $10 was missing when she was discharged the following Sunday. The security guard, in his rummaging through Biggs El's possessions, also broke the clasp on Biggs El's Dooney and Bourke designer bag.

4. From there the security guard went to the closet and pulled out Biggs El's clothes and violently ransacked through them. Biggs El, who is currently unable to walk, slid down to the foot of the bed to try to stop the violation. This action caused the top of her gown to drop and her breasts were fully exposed. At that point, a second security guard came up to the 12th floor room. When he saw what was happening, he immediately turned around and left. The violating security guard returned Biggs El's purse to her and left with the small bag of meds. Biggs El received no blood pressure medication from the hospital until the day of her discharge. Consequently, her blood pressure escalated, not just from lack of medication, but from the stress and duress resulting from the turbulent and devastating encounter with the security guard.

5. This was an outrageous attack by the security guard, that was totally extraneous. Biggs El did not give the nurses or security guard authorization/permission to take her bag of

medications or search her personal belongings, nor did they ask for same. Biggs El also understands HUP has company policies, but these policies do not apply to non-entities according to Penhallow v. Doan's Administrators. Corporations are artificial persons, abstractions, and creatures of the mind only. As such corporations can only deal with other artificial persons. The imaginary, having no reality or substance cannot create or attain parity with the real.

6. Moreover, Biggs El carries her own medications, which is a patient self-determination right, because Dr. Melchiore Vernace of Doylestown Hospital gave her a single dose of a medication that caused a vehement reaction during a 2022 hospital stay at Doylestown Hospital. Biggs El also lost a close relative in March 2024, who was given a medication she was allergic to. The family member fell into a coma, from which she did not recover.

7. Upon discharge, the blood pressure medication and turmeric supplement taken from Biggs El was not returned.

8. In the week that followed, Biggs El returned to the Penn Medicine emergency room barely making it to the parking lot in the Pavilion because she was having trouble breathing. She was able to flag a worker in the parking lot to request a wheelchair and oxygen.

9. In response, a uniformed security guard came out with a wheelchair, but there was no oxygen tank. The uniformed security guard started asking Biggs El questions like "What brings you to the emergency room" and "do you have I.D.?" Biggs El could hardly breathe, let alone address the questions the uniformed security guard was asking. Further, he was not a medical practitioner.

10. When the emergency room medical team finally arrived with a wheel chair and oxygen tank, the uniformed security guard immediately complained to them that he could not get Biggs El to answer any of his questions, making it seem as though she was willfully not cooperating. That was not the case at all. Biggs El was desperately gasping for air, not knowing if that would be her last breath.

11. This uniformed security guard, like the one who violently marauded Biggs El's personal belongings, were seemingly insensitive to her medical dilemma.

## PARTIES

12. Cynthia D. Biggs El is 71 years of age and an accomplished songwriter who has had her songs performed and/or recorded by some of the biggest names in the music industry

including Patti LaBelle, The O'Jays, Whitney Houston, The Stylistics, Lou Rawls, Luther Vandross, Mariah Carey, Mary J. Blige, Jay-Z, and L.L. Cool J to name a few. Her co-write with Dexter Wansel and Kenneth Gamble entitled *If Only You Knew*, as recorded by Patti LaBelle, topped the Billboard Black Singles chart in January 1984, and was #1 for four consecutive weeks. Today it remains a multi-generational favorite having traversed more than four decades of fan popularity. Biggs El is also most noted as a producer for her co-production of *Love TKO* as recorded by Teddy Pendergrass in 1979.

13. In addition to her storied music credentials, Biggs El is a Pennsylvania certified secondary teacher of English and taught at Valley Forge Middle School, Tredyffrin/Easttown Middle School, Pennridge High School, Souderton Area High School, Martin Luther King High School and South Philadelphia High School.

14. Biggs El worked as a university/college professor at the University of the Sciences, and Saint Joseph's University in Philadelphia, North Carolina Central University in Durham, NC and Cumberland County College in Vineland New Jersey.

15. Biggs El earned her Bachelor of Arts degree in Communications, Journalism concentration from Temple University in Pennsylvania in 1975 and a Master's degree in Business Administration in eCommerce and Technology from West Chester University, also in Pennsylvania in 1998.

16. Biggs El received the Doctor of Education degree in Educational Leadership with honors from Saint Joseph's University in 2008, and is a published author in educational journals and digital libraries.

17. As an educator, Biggs El was very active in the Grammy® in Our Schools initiative, participating in educational workshops and other related National Academy of Recording Arts and Sciences events during her tenure on the Philadelphia Board of Governors. Today Biggs El maintains her affiliation with the National Academy of Recording Arts and Sciences as a voting member of the Philadelphia Chapter. She is also a member of the Screen Actors Guild (SAG).

18. HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA (HUP) - Upon information and discovery, and at all times relevant hereto, the Hospital of the University of Pennsylvania is the flagship hospital of Penn Medicine and is located at 3400 Spruce St, Philadelphia, PA 19104.

19. PERELMAN SCHOOL OF MEDICINE - Upon information and discovery, and at

all times relevant hereto, Perelman School of Medicine is acting as the medical school of the University of Pennsylvania, the private, Ivy League research university located at 3400 Civic Center Blvd, Philadelphia, PA 19104.

20. PENN MEDICINE – Upon information and discovery, and at all times relevant hereto, Penn Medicine is comprised of the University of Pennsylvania Health System and the Perelman School of Medicine.

21. ALLIED UNIVERSAL SECURITY SERVICES – Upon information and discovery, and at all times relevant hereto, Allied Universal Security Services is an American private security and staffing company, based in Conshohocken, Pennsylvania and Irvine, California. Allied Barton, upon information and discovery, was the Penn Medicine security service provider, specifically for the Perelman School of Medicine. However, AlliedBarton Security Services merged with Universal Services of America in 2016 to form Allied Universal Security Services. Steve Jones became the CEO of Allied Universal, and is the current CEO.

22. Steve Jones – Upon information and discovery, and at all times relevant hereto, Steve Jones is the current Global Chairman and CEO of Allied Universal Security Services.

23. University of Pennsylvania Health System – Upon information and discovery, and at all times relevant hereto, the University of Pennsylvania Health System (UPHS) is a major multi-hospital health system headquartered in Philadelphia, Pennsylvania. UPHS and the Perelman School of Medicine at the University of Pennsylvania together comprise Penn Medicine, a clinical and research entity of the University of Pennsylvania. UPHS hospitals include the Hospital of the University of Pennsylvania, Penn Presbyterian Medical Center, Pennsylvania Hospital, Chester County Hospital, Lancaster General Hospital, Princeton Medical Center, and Doylestown Hospital.

24. Kevin B. Mahoney – Upon information and discovery, and at all times relevant hereto, Kevin B. Mahoney is chief executive officer of the University of Pennsylvania Health System, a pillar of the Penn Medicine enterprise. Mahoney leads health system operations, which span six hospitals, 13 multispecialty centers, and hundreds of outpatient facilities in Pennsylvania, Delaware and New Jersey.

25. Tracy Files – Upon information and discovery, and at all times relevant hereto, Tracy Files is acting as Corporate System Administrator and Sr. Patient and Family Liaison at Penn Medicine, University of Pennsylvania Health System as of October 2019.

Cynthia D. Biggs El
Claim for Battery/Elder Patient Abuse
P a g e  5 | 8

26.    Lisa Sator – Upon information and discovery, and at all times relevant hereto, Lisa Sator is acting as Director of Experience Support Service for the Hospital of the University of Pennsylvania.

## JURISDICTION AND VENUE

27.    The court has subject-matter jurisdiction under 28 U.S.C. § 1331 and §1367(a).

28.    Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C., § 1391 because defendants reside here and a substantial part of the events giving rise to the claim occurred here.

29.    The University of Pennsylvania Health System is incorporated in Philadelphia, Pennsylvania, which makes it subject to personal jurisdiction in this Judicial District.

30.    It is a basic tenet of agency law that notice to the agent is notice to the principal, and notice to the principal is notice to the agent. Therefore, Defendants are all liable to any contracts entered into as agents of the University of Pennsylvania Health System, as long as those acting on behalf of the University of Pennsylvania Health System are not acting outside the scope of their authority. As against a principal, both principal and agent are deemed to have notice of whatever either has notice of and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other.

## FACTS

31.    Penn Medicine is owned by the Trustees of the University of Pennsylvania. .

32.    The University of Pennsylvania contracts with Allied Universal Security Services to provide comprehensive guard services for the University of Pennsylvania and the University City District.

33.    "Allied Universal Security Services is one of the leading security companies that provides innovative security services and solutions to protect people, businesses, ..."

34.    Kevin B. Mahoney and Tracy Files were made aware of Biggs El's violation concerns. See Exhibit "A" and Exhibit "B". However, the violations continued.

35.    The security guard who approached Biggs El in the Pavilion parking lot and questioned her about her credentials and reasons for visiting Penn's emergency room was not a practicing physician authorized to question Biggs El regarding same.

36.    Lisa Sator stated in a correspondence dated May 13, 2025 that security was called

to perform a room search for medications. See Exhibit "D". However, Biggs El's purse was taken, which is personal property, and the security guard went through Biggs El's purse without her permission.

## CAUSES OF ACTION
## COUNT I
## BATTERY

37. Biggs El repeats and re-alleges each of the foregoing paragraphs, as though fully set forth herein.

38. The security guard who raided Biggs El's medications, purse and personal effects on April 15, 2025 engaged in the act of creating fear, undue stress and duress.

## COUNT II
## RECKLESS ENDANGERMENT

39. Biggs El repeats and re-alleges each of the foregoing paragraphs, as though fully set forth herein.

40. The actions of the security guard who raided Biggs El's medications, purse and personal effects on April 15, 2025 created a significant risk of serious harm to Biggs El, including a heart attack or stroke that could lead to death or serious bodily injury. His actions were reckless and he disregarded the potential for harm.

## COUNT III
## DENIAL OF PATIENT SELF-DETERMINATION

41. Biggs El repeats and re-alleges each of the foregoing paragraphs, as though fully set forth herein.

42. In the unauthorized apprehension of her medications, Biggs El was denied her right to use her own medications, as well as the right to make choices about her own healthcare.

## COUNT IV
## ELDER PATIENT ABUSE

43. Biggs El repeats and re-alleges each of the foregoing paragraphs, as though fully set forth herein.

44. Biggs El is 71 years of age. The violating security guard who raided Biggs El's personal effects on April 15, 2025 was inflicting emotional pain upon her. He ignored Biggs El's requests to stop the unauthorized violation, which is an indication that the act was intentional.

**PRAYER FOR RELIEF**

45. WHEREFORE, Plaintiff prays for judgment against Defendants and for the following relief:

   A. $25,000 as remedy for each Count for pain and suffering, and $25,000 per Defendant as remedy for same.

   B. An award of fees and full costs pursuant to 17 U.S.C. § 505 and under other applicable law;

   C. For pre-judgment and post-judgment interest according to law, applicable; and

   D. For such other and further relief as this Court may deem just and proper.

Dated: May 12, 2025

With Truth and Honor,
All Rights Reserved Allodial Without Prejudice/Recourse
By: _____
Professor Cynthia D. Biggs El, Authorized Representative
All Rights Reserved Allodial without Prejudice/Recourse
[c/o Residences at the Promenade
1100 Market Street Unit 3036]
[Dresher, Pennsylvania]
[Zip Exempt]
Northwest Amexem
T: (267) 229-6517
biggselc@gmail.com

cc:   Josh Shapiro
      Office of the Governor
      508 Main Capitol Building
      Harrisburg, PA 17120

      Robert F. Kennedy Jr.
      Secretary of Health and Human Services
      The White House
      1600 Pennsylvania Avenue NW
      Washington, DC 20500

      Deputy Prosecutor of ICC
      International Criminal Court
      P.O. Box 19519
      2500 CM, The Hague Netherlands

      File

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

REC'D MAY 13 2025

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Cynthia D. Biggs El

**DEFENDANTS**
Hospital of the University of Pennsylvania, Perelman School of Medicine, Penn Medicine, University of Pennsylvania Health System, Allied Universal Security Services, Kevin Mahoney, Steve

**(b)** County of Residence of First Listed Plaintiff: Montgomery
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Non-applicable

Attorneys (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☒ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☒ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
US Title 18, 241, 242
Brief description of cause:
Battery, Unlawful Search and Seisure.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 400,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE Non-applicable
DOCKET NUMBER Non-applicable

DATE: 05/12/2025
SIGNATURE OF ATTORNEY OF RECORD
All Rights Reserved Allodial without Prejudice/Recourse
Cynthia D. Biggs El

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Exhibit "A"

  

**THE MOORISH NATIONAL REPUBLIC**
**THE MOORISH DIVINE AND NATIONAL MOVEMENT OF THE WORLD**
Aboriginal and Indigenous Natural Peoples of North-West Amexem North America

Kevin B. Mahoney
Chief Executive Officer, University of Pennsylvania Health System
Hospital of the University of Pennsylvania - Pavilion
1 Convention Avenue
Philadelphia, PA 19104

22nd Day of April 2025 (1446 MC)

## Affidavit

**Re: Violent Attack by HUP Security Guard and Other Major Concerns**

===============================================================================
International Document
===============================================================================

COMES NOW Cynthia D. Biggs El, a Moorish American National, an Aboriginal, Indigenous Natural Divine Being manifested in Human Flesh to the Americas, In Propria Persona, Sui Juris, not a nom-de-guerre, straw-man or any other artificial corporate construct, as written or scribed in ALL CAPITAL LETTERS and written by the unclean hands of others. I am consanguineous to the primogenitors of this land, and I do not waive or abandon any of my birthrights.

**To Kevin B. Mahoney:**

I reported to HUP Emergency Room for emergency dialysis on Tuesday, April 15 2025. The doctors at HUP decided to admit me to the hospital. I usually have in my possession a small supply of blood pressure medication and over-the-counter turmeric pills for inflammation. The two nurses on duty saw the small plastic bag of medication and took it from me without my knowledge. Once I discovered it missing I asked the nurses to return it. They did, but they also arranged behind my back to have security come up to my room and take the package from me.

A security guard twice my size and weight, wearing a bullet proof vest came up and started violently going after the package of medication. He grabbed my small purse and went through tight sections of the purse not big enough to hold a package of medication. While going through my purse, his back was turned to me and the two nurses who were standing by watching this whole scene. I kept $13 in cash to cover parking, of which $10 was missing when I was discharged the following Sunday.

From there the security guard went to the closet and pulled out my clothes and violently rummaged through them. I was struggling trying to stop him and the top of my gown dropped and I was half naked during this horrible ordeal. The security guard left with the small bag of meds and I received no blood pressure medication from the hospital until the day of my discharge. Consequently, my blood pressure escalated.

I am a 71-year-old woman who agreed to be admitted to HUP to address my medical concerns. This violent attack was unnecessary and uncalled for. I understand your organization has company policies, but these policies do not apply to non-entities according to Penhallow v. Doan's Administrators. I carry my own medications because Dr. Melchiore Vernace of Doylestown Hospital gave me medication that nearly killed me in 2022.

Sadly, the HUP dialysis technicians have been filling my body with fluid to the point where my thighs, legs, ankles and feet are as hard as a rock from the swelling and are sometimes covered with blisters. I have asked dialysis technicians at HUP to please remove the fluid, but to no avail. Attached hereto as Exhibit "A" is a picture still showing extreme swelling in my legs, thighs, ankles and feet after dialysis at HUP on Saturday, April 19, 2025. As of the date of this correspondence, my legs, thighs, ankles and feet are still grossly swollen. I experience shortness of breath and I am losing use of my now disfigured legs. The soles of my feet burn and I am constantly scratching, which sometimes causes bleeding. A Philippine HUP dialysis

Professor Cynthia D. Biggs El
22nd Day of April 2025 (1446 MC)
Page 1|2

technician who goes by the name "Ken" told me the reason the fluid is not being removed as I requested is because I am not assigned to a treatment center. This is a clear indication that my request to have fluid removed from my body is deliberately being underserved. Please note I was not having any of these extra health problems until I started going to HUP for emergency dialysis treatment.

The technicians at the HUP dialysis unit seemingly under the direction of Penn employees Gemma Oetzel and Daniel Bernhardt to also program the kidney computers to raise my blood pressure to catastrophic levels during dialysis treatment.

Nicholas Jabco, a Penn Medicine employee, and Gemma Oetzel have ordered several blood transfusions for me, and denied me dialysis treatment if I did not agree to undergo the transfusions. They keep saying my hemoglobin is low, which I find hard to believe.

I should not have been given the diagnosis of end-stage renal disorder by Drs. Vernace and Aarun Didonato because my kidneys were still functional. In the event of my death or should I continue to suffer major health injuries as a direct or indirect result of medical abuses regarding the treatment of my kidneys, HUP may be held accountable for Title 18 Violations.

My dialysis treatment on Saturday, April 19th was conducted in my hospital room by Kanghee Park. Ms. Park, who is Asian, spoke very little English and I had a difficult time communicating with her. She also kept me on the dialysis machine for nearly four hours, which is beyond my prescribed seat time. I prefer to receive treatment in the dialysis unit in the event of an emergency.

Thank you for your valuable time and attention. I am hopeful my concerns will be addressed.

With Honor, and Respect,

By: /s/ Professor Cynthia D. Biggs El
Professor Cynthia D, Biggs El, Authorized Representative
All Rights Reserved Allodial without Prejudice/Recourse
[c/o 1000 W. Valley Road #773]
[Southeastern, Pennsylvania]
[Zip Exempt]
Northwest Amexem
T: (267) 229-6517
biggselc@gmail.com

cc:  Josh Shapiro
Office of the Governor
508 Main Capitol Building
Harrisburg, PA 17120

Robert F. Kennedy Jr.
Secretary of Health and Human Services
The White House
1600 Pennsylvania Avenue NW
Washington, DC 20500

Deputy Prosecutor of ICC
International Criminal Court
P.O. Box 19519
2500 CM, The Hague Netherlands

File

   Gmail     Exhibit "B"     Cynthia Biggs El <biggselc@gmail.com>

# follow up to your recent correspondence
2 messages

---

**Files, Tracy S** <Tracy.Files@pennmedicine.upenn.edu>                                    Mon, Apr 28, 2025 at 8:42 PM
To: "biggselc@gmail.com" <biggselc@gmail.com>

Dear Cynthia Biggs El,

Thank you for the correspondence received by the Office of the CEO sharing concerns related to your recent care as a patient of Penn Medicine.

Mr. Mahoney has referred you recent email over to me to follow up with you directly.

We have referred this matter over to clinical and administrative leadership within the appropriate departments for review and resolution.

I am coordinating with our Patient and Guest Relations team at the hospital and we will be in touch with you via written communication as you request. I understand the team has already been in touch with you as well.

In the meantime if there is anything further I can do to help please let me know.

Warm regards,

Tracy Files

Corporate Office of Patient Affairs

215-964-2186

---

**Cynthia Biggs El** <biggselc@gmail.com>                                                  Wed, Apr 30, 2025 at 4:48 AM
To: "Files, Tracy S" <Tracy.Files@pennmedicine.upenn.edu>, kevin.mahoney@uphs.upenn.edu,
kaitlin.kozole@pennmedicine.upenn.edu

From Cynthia Biggs El, Authorized Representative, All Rights Reserved Allodial without Prejudice/Recourse
To Tracy Files, Corporate Office of Patient Affairs

Thank you for your email dated April 28, 2025 in response to my request to have all communications in writing going forward.

For the record, your Patient and Guest Relations team has not been in touch with me.

By now you may have seen the photos circulating showing the vicious mutilation of my body by Penn Medicine doctors and Gemma Oetzel and her dialysis team. The security guard attack caused undue emotional trauma and stress among other things.

It will help if you talk to Josh Shapiro and see if he will order the dialysis team at HUP to remove the excess fluid they put on my body.

The eyes of the Universe are watching and divine justice will prevail. All those at Penn Medicine responsible for my pain and suffering will be held accountable.

Again, earnest thanks for your April 28, 2025 email response.

###

[Quoted text hidden]

# Exhibit "C"

I, Cynthia D. Biggs El, do hereby certify that on this _13th___ day of May 2025 a true and correct copy of the

## 𝕬𝖋𝖋𝖎𝖉𝖆𝖛𝖎𝖙 𝖔𝖋 𝕱𝖆𝖈𝖙

### CERTIFICATE OF SERVICE

was served via United States United Parcel Service, Authorized Signature Required, Return Receipt Requested by depositing a copy in the United States Republic mail, all postage prepaid to Hospital of the University of Pennsylvania (HUP), Perelman School of Medicine, Penn Medicine, Allied Universal Security Services, Steve Jones, University of Pennsylvania Health System, Kevin B. Mahoney, and Tracy Files at the following mailing locations:

Regina Cunningham
Hospital of the University of Pennsylvania (HUP)
120 Silverstein
3400 Spruce Street
Philadelphia, PA 19104

Jonathan A. Epstein
Perelman School of Medicine
3400 Civic Center Blvd
Philadelphia, PA 19104

Kevin B. Mahoney
Penn Medicine
120 Silverstein
3400 Spruce Street
Philadelphia, PA 19104

Steve Jones
Allied Universal Security Services
450 Exchange
Irvine, United States

Kevin B. Mahoney, CEO
University of Pennsylvania Health System
120 Silverstein
3400 Spruce Street
Philadelphia, PA 19104

Kevin B. Mahoney
120 Silverstein
3400 Spruce Street
Philadelphia, PA 19104

Tracy Files
University of Pennsylvania Health System
120 Silverstein
3400 Spruce Street
Philadelphia, PA 19104

Lisa Sator
Director of Experience Support Service120 Silverstein
HUP Administration
3400 Spruce Street
Philadelphia, PA 19104

Respectfully submitted,

I Am,

*Cynthia D. Biggs El*

Cynthia D. Biggs El,
Authorized Representative, Natural Person, In Propria Persona:
All Rights Reserved Allodial without Prejudice or Recourse:
[c/o 1100 Market Street, Unit 3036]
[Dresher, Pennsylvania]
[Zip Exempt]
Northwest Amexem


        Cc:    Josh Shapiro
                  Office of the Governor
                  508 Main Capitol Building
                  Harrisburg, PA 17120

                  Robert F. Kennedy Jr.
                  Secretary of Health and Human Services
                  The White House
                  1600 Pennsylvania Avenue NW
                  Washington, DC 20500

                  Deputy Prosecutor of ICC
                  International Criminal Court
                  P.O. Box 19519
                  2500 CM, The Hague Netherlands

                  File

Exhibit "D"


**Penn Medicine** — Administration

## Hospital *of the* University *of* Pennsylvania

May 13th, 2025

Dear Cynthia Biggs ell

On behalf of the Hospital of the University of Pennsylvania (HUP) administrative leadership, I am reaching out regarding the feedback you shared about your experiences while a patient in the HUP Emergency Department and HUP Founders unit on April 15-16, and April 25-26, 2025. Specifically, you expressed concerns about your inpatient dialysis treament and interaction with security and staff during your stay. Please know that your concerns were escalated to HUP's Chief Medical Officer, Security Leadership and Dialysis Leadership and were carefully reviewed by each team.

Security Interaction on April 15

- Security staff assisted you with transport from the Garage Level to the ED, providing a wheelchair and oxygen as requested.
- We always have the HUP pharmacy verify home medications. These standard proccedures are designed to ensure your safety during treatment.
- We needed to make certain that you were not taking any medications that would drop your blood pressure, because this would limit our ability to remove fluid during dialysis. Therefore, security was called to perform a room search for medications, with negative results. The search was performed so we could provide the best care possible to meet your medical needs.
- We understand this may have felt intrusive, and we apologize for any distress this caused.

Dialysis Treatment on April 15th and 25th

- Our team understands your request to remove more fluid during dialysis.
- Review of your record determined that you continued to decline certain treatments during the hospitalization, including medications, blood work, and blood sugar checks, and you continued to take your own blood pressure medication when it was returned. This caused your blood pressure to drop during dialysis and limited our ability to remove more fluid.
- We acknowledge there may have been communication challenges with your nurse, for which we sincerely apologize.
- Regarding your concern about Epogen administration on April 25th, review of the medical chart indicates that you have been refusing all blood products, including Epogen. We can confirm that you have not received Epogen during any of your recent dialysis treatments.

Ms Biggs, we remain dedicated to your health and well-being despite the challenges in providing consistent dialysis care. We are committed to finding a path forward. We believe that with mutual respect and cooperation, we can develop an approach that meets your medical needs while ensuring a safe environment for everyone. We sincerely want to help you receive the life-sustaining dialysis treatment you require and ask for your partnership in creating a more collaborative relationship with our healthcare team.

If you would like to discuss your concerns further, please contact our Patient Relations Department at 215-662-7274

Sincerely,

*Lisa Sator*
Diretor of Experience Support Service

HUP Administration | 120 Silverstein, 3400 Spruce Street | Philadelphia, PA 19104

## ARBITRATION CERTIFICATION

I,_____, counsel for _____do hereby certify pursuant to the Local Arbitration Rule 83.10 that to the best of my knowledge and belief the damages recoverable in the above captioned civil action exceed the sum of $150,000 exclusive of interest and costs.
_____ Relief other than monetary damages is sought.

---

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:
_____

**Please refer to NY-E Division of Business Rule 50.1(d)(2)**

1.) Is the civil action being filed in the Eastern District of New York removed from a New York State court located in Nassau or Suffolk County: _____

2.) If you answered "no" above:

    a.) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? _____

    b.) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? _____

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? _____

    (Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

---

**I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.**

Yes_____                                         No_____

**Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?**

Yes_____(If yes, please explain)                  No_____

_____

_____

Please provide your E-MAIL Address and bar code below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number or any other four digit number registered by the attorney with the Clerk of Court.
(This information must be provided pursuant to local rule 11.1(b) of the civil rules).

**ATTORNEY BAR CODE:**_____

**E-MAIL Address:** _____

I consent to the use of electronic filing procedures adopted by the Court in Administrative Order No. 97-12, "In re Electronic Filing Procedures(EFP)", and consent to the electronic service of all papers.

**Signature:** _____

U.S.M.S. X-RAY

NOBLE CYBEL PUBLICATIONS
(267) 229-6517
THE UPS STORE #6342
3959 WELSH RD
WILLOW GROVE PA 19090-2900

SHIP OFFICE OF THE CLERK OF COURT
TO: JAMES A BYRNE US COURTHOUSE
RM 2609
601 MARKET ST
PHILADELPHIA PA 19106-1732

SHP WT: 1 LBS
DATE: 13 MAY 2025
1 LBS  1 OF 1

UPS GROUND
TRACKING #: 1Z K58 56C 03 0342 7616

PA 191 9-10

REF #1: NH
BILLING: P/P