IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CYNTHIA BIGGS EL,** | : | |
| *Plaintiff*, | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 2:25-CV-02464** |
| | : | |
| **HOSPITAL OF THE UNIVERSITY OF** | : | |
| **PENNSYLVANIA, et al.,** | : | |
| *Defendants*. | : | |

<u>**MEMORANDUM**</u>

**KENNEY, J.**                                                              **August 7, 2025**

Before the Court is the *pro se* Complaint of Plaintiff Cynthia Biggs El, pleading several causes of action based on her altercation with a security guard at the Hospital of the University of Pennsylvania. The defendants include the Trustees of the University of Pennsylvania (incorrectly identified as "Hospital of the University of Pennsylvania ('HUP')," "Perelman School of Medicine," "Penn Medicine," and "University of Pennsylvania Health System"), Allied Universal Security Services, Steve Jones, Kevin B. Mahoney, Tracy Files, and Lisa Saylor." ECF No. 1 at 1; *see* ECF No. 9 at 2. The Trustees of the University of Pennsylvania, Kevin B. Mahoney, Tracy Files, and Lisa Saylor (together, the "Moving Defendants") moved to dismiss the Complaint in its entirety as to the claims against them for failure to state a claim. ECF No. 9. For the following reasons, the Court will dismiss Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction.

## I.   FACTUAL ALLEGATIONS AND LITIGATION HISTORY

Plaintiff, a 71-year-old resident of Montgomery County, Pennsylvania, sought emergency care at HUP on April 15, 2025. ECF No. 1 ¶¶ 1,12; *id.* at 9. Plaintiff alleges that after she dropped a small plastic bag containing medication, two nurses on duty saw the bag and took it without her

knowledge. *Id* ¶ 1. The nurses returned the plastic bag of medication after Plaintiff asked for it to be returned. *Id.* Plaintiff alleges the nurses called a security guard "wearing a bullet proof vest and equipped with handcuffs" to search the bag. *Id* ¶¶ 1–2. Plaintiff alleges that the guard forcibly seized the bag of medications and that she attempted to resist by slapping him across the back. *Id* ¶ 2. After searching both the bag and Plaintiff's purse, he sifted through her clothes in the closet. *Id* ¶ 4. Plaintiff alleges that the guard returned her purse, albeit with missing cash, and left when another guard walked toward the room. *Id*. ¶¶ 3–4. The guard allegedly took Plaintiff's plastic bag of medication, and the medication was not returned upon her discharge. *Id.* ¶¶ 4, 7. The following week, Plaintiff was again hospitalized. *Id.* ¶ 8.

Plaintiff filed her Complaint before this Court on May 13, 2025. *Id.* at 1. Plaintiff seeks monetary damages for pain and suffering as well as fees and costs based on four causes of action: Count I – Battery, Count II – Reckless Endangerment, Count III – Denial of Patient Self-Determination, and Count IV – Elder Patient Abuse. *Id.* ¶¶ 37–45. Plaintiff asserts that the Court has federal question jurisdiction over these counts. *Id.* at 9 ("US Title 18, 241, 242").

Moving Defendants now seek to dismiss the Complaint as to them under Federal Rule of Civil Procedure 12(b)(6), contending that Plaintiff has failed to present any plausible legal claim. ECF No. 9 at 9. Moving Defendants argue that Plaintiff does not plausibly plead battery because the security guard did not initiate "harmful or offensive contact" by searching the bag. *Id.* at 9–10. Moving Defendants also contend that Plaintiff's other counts are not valid civil causes of action under state or federal law. *Id.* at 11–14.

Plaintiff's Response argues that the security guard's search also violated the Fourth and Ninth Amendments, that Plaintiff slapping the guard created the requisite physical contact for battery, and that her other counts are valid causes of action under existing state and federal laws.

ECF No. 10 at 2–7. Moving Defendants' Reply argues that a battery count cannot rely on violent physical contact caused by Plaintiff and that no Pennsylvania statute or applicable federal law creates a civil cause of action for her other counts. ECF No. 12 at 2–5.

The Court *sua sponte* challenged its own subject matter jurisdiction and ordered the Plaintiff to establish the Court's jurisdiction on the record. ECF No. 13. The Court ordered Plaintiff to file supplemental briefing establishing the Court's subject matter jurisdiction, *id.*, but Plaintiff instead filed a Sur-Reply to Defendants' Reply, ECF No. 14. In her Sur-Reply, Plaintiff states that she does not attempt to plead any causes of action under 42 U.S.C. § 1983 but does not concede the absence of state action. *Id.* at 2. Plaintiff reasserts that adequate statutory bases exist for her battery, reckless endangerment, denial of patient self-determination, and elder patient abuse counts. *Id.* at 2–7. Specifically, she cites the statute on elder patient abuse from California and the federal Patient Self-Determination Act. *Id.* at 5–7. Plaintiff does not explicitly respond to the Court's concerns about jurisdiction, nor does she present an alternative basis for its subject matter jurisdiction. *See id.* The Court waited an additional three weeks after the deadline to file supplemental briefing to decide the Motion. *See* ECF No. 13 (ordering Plaintiff to file supplemental briefing by July 14, 2025).

## II.  STANDARD OF REVIEW

The Court must dismiss causes of action whenever it finds a lack of subject matter jurisdiction. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003); Fed. R. Civ. P. 12(h)(3). Federal district courts have subject matter jurisdiction over civil actions based on diversity or federal question jurisdiction. 28 U.S.C. §§ 1331–32. Diversity jurisdiction requires every plaintiff and defendant to be citizens of different states and the amount in controversy to exceed $75,000. *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995); 28 U.S.C. §

1332. Federal question jurisdiction requires that the case "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Courts have federal question jurisdiction when a plaintiff pleads a "cause of action created by federal law." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 162–63 (3d Cir. 2014). Plaintiff bears the burden of demonstrating that the Court has jurisdiction, though her *pro se* status requires a "liberal construction" of her complaint. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015); *Kim v. I.R.S.*, 522 F. App'x 157, 158 (3d Cir. 2013).

## III. DISCUSSION

The Court lacks subject matter jurisdiction over each of Plaintiff's pled counts because no relevant civil cause of action exists under federal law.[1] The Court considers Plaintiff's counts contained within her complaint when ruling on a motion to dismiss.[2] *See Scott v. Cohen*, 528 F.

---

[1]    Plaintiff indicates on the Civil Cover Sheet in the section captioned "Cite the U.S. Civil Statute under which you are filing" that she is filing under "US Title 18, 241, 242." ECF No. 1 at 9; *see also* ECF No. 10 at 2. 18 U.S.C. §§ 241–242 are criminal statutes that do not provide a civil cause of action. *Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009).

[2]    In her Response, Plaintiff attempts to add Fourth and Ninth Amendment violations to her claims and states she is "Standing on the Constitution, the Supreme Law of this Land, and Title 18, Sections 241 and 242." ECF No. 10 at 2. While Plaintiff has not amended her Complaint to include violations of the Fourth and Ninth Amendments, even if such constitutional claims were included in an amended complaint, such causes of action do not exist or would fail based on the factual matter pled.

Plaintiff argues that the search violated her Fourth Amendment rights. ECF No. 10 at 2–3. The Fourth Amendment prohibits searches and seizures conducted without probable cause. U.S. Const. Amend. IV. Plaintiff alleges that the seizure of her medication was illegal because the guard lacked reasonable suspicion that she had committed a crime. ECF No. 10 at 3.

Plaintiff also provides the text of the Ninth Amendment and states that "this provision addresses the need to protect rights not specifically mentioned in the Constitution. These rights are referred to as 'unenumerated rights' and has significant legal implications. It empowers courts to affirm that the people have rights beyond those named in the Bill of Rights." *Id.* Plaintiff gives the example of the right to privacy as an unenumerated right in the Constitution but provides no argument as to how the actions of Defendants violate the Ninth Amendment. *Id.*

Even if Plaintiff were to properly amend her Complaint to include the alleged violations of the Fourth and Ninth Amendments, these causes of action either do not exist or would fail. First, the Supreme Court "has not implied additional causes of action under the Constitution" since *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (Fourth Amendment claim against **federal** officials), *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment sex-discrimination claim), and *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment inadequate care claim). *Egbert v. Boule*, 596 U.S. 482, 491 (2022). "At bottom, creating a cause of action is a legislative endeavor." *Id.* at 491. Here, Plaintiff has not alleged facts mirroring the constitutional causes of action of *Bivens*, *Davis*, or *Carlson*. Second, "the Ninth Amendment does not independently provide a source of individual constitutional rights." *Perry v. Lackawanna Cnty. Child. & Youth Servs.*, 345 F. App'x 723, 726 (3d Cir. 2009). Here, like in *Perry*, the Court is "not aware of any support for [Biggs El's] claim that the Ninth Amendment protects against

App'x 150, 152 (3d Cir. 2013) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (citation omitted)). Here, Plaintiff's counts are based on the guard's alleged intentional tortious conduct for which no federal statute provides a civil cause of action.

## A. Count I: Battery

Plaintiff alleges that the guard's forcible search and seizure of her belongings constitutes battery. ECF No. 1 ¶¶ 37–38. Under Pennsylvania law, battery—an intentional tort, *Cooper ex rel. Cooper v. Lankenau Hosp.*, 51 A.3d 183, 191 (Pa. 2012), is defined as a "'harmful or offensive contact' with the person of another," *C.C.H. v. Philadelphia Phillies, Inc.*, 940 A.2d 336, 340 n.4 (Pa. 2008) (quoting *Dalrymple v. Brown*, 701 A.2d 164, 170 (Pa. 1997)). The Pennsylvania Suggested Standard Jury Instruction (Civil) § 17.20 provides that "[a] battery is an act done with the intent to cause a harmful or offensive contact with the body of another . . . and that directly [or indirectly] results in the harmful or offensive contact with the body of another." *Cooper*, 51 A.3d at 189 (citing Pa. SSJI (Civ) § 17.20 (2025)).

Plaintiff argues that the altercation with the guard represents a battery because the forcible seizure caused her to feel "fear," "stress," and "duress," and Plaintiff's slap constitutes the requisite contact. ECF No. 1 ¶ 38; ECF No. 10 at 5. However, Plaintiff does not provide a federal statute

---

any of the events described in [her] complaint." *Id.* Finally, Plaintiff herself states she "is not attempting to sustain a . . . claim under 42 U.S.C.S. [*sic*] § 1983," which "is the federal law that allows individuals to sue state and local officials for violating their constitutional rights." ECF No. 14 at 2. "To state a claim for relief in an action brought under § 1983, [litigants] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Here, even if Plaintiff amended her Complaint to include a § 1983 claim, it would fail since the guard in her dispute was not a state actor but rather the private security staff of a private hospital.

that offers a federal civil cause of action for battery. Similarly, the Court finds no such statute. Accordingly, the Court does not have federal question jurisdiction over Plaintiff's battery count.

### B. Count II: Reckless Endangerment

Plaintiff alleges that Defendants are liable for reckless endangerment based on the guard's conduct. ECF No. 1 ¶¶ 39–40. Plaintiff argues that the guard's seizure of her medication constitutes reckless endangerment because this act steeply raised the probability of Plaintiff having a heart attack or stroke and that he disregarded this risk. *Id*. She contends that her severe medical complications were a foreseeable consequence of depriving her of the medications. ECF No. 10 at 5.

Plaintiff does not provide a federal statute that offers a civil cause of action for reckless endangerment. The Court does not find any relevant federal statutes that create one.[3] Accordingly, the Court does not have federal question jurisdiction over Plaintiff's reckless endangerment count.

### C. Count III: Violation of Patient Self-Determination

Plaintiff alleges that the Defendants violated her right to patient self-determination. ECF No. 1 ¶¶ 41–42. Plaintiff argues that the apprehension of her medication violated her right to patient self-determination by preventing her from using her desired medications. *Id*. Plaintiff argues that the Patient Self-Determination Act forbids the guard's conduct. ECF No. 10 at 5–6; 42 U.S.C. §§ 1395cc, 1396a.

The Third Circuit has not ruled on whether the Act provides a private cause of action, but several district courts have held that the law does not create one. *See, e.g.*, *Rule v. Braiman*, No. 1:23-CV-01218, 2024 WL 4042135, at *11 (N.D.N.Y. Sept. 4, 2024) (finding that Congress did

---

[3] Moving Defendants also argue the civil cause of action does not exist under Pennsylvania law. ECF No. 9 at 11 (citing *Kovalev v. Lidl US LLC*, 647 F. Supp. 3d 319, 351 (E.D. Pa. 2022)).

not aim to create an "express or implied" right of action and dismissing plaintiff's self-determination count because Congress did not explicitly provide one) (collecting cases)).

The Court agrees with the district courts that have confronted this argument before: the statute does not confer a private cause of action for Plaintiff. *See* 42 U.S.C. §§ 1395cc, 1396a. Plaintiffs in other cases sued under the statute because they alleged impermissible "balance billing" or that medical providers did not provide adequate information about treatment options. *See Rule*, 2024 WL 4042135, at *2–*3; *Wentz v. Kindred Hosps. E., L.L.C.*, 333 F. Supp. 2d 1298, 1301 (S.D. Fla. 2004). In those cases, the courts held that there was no private cause of action. *Id*. Here, Plaintiff cites the law to sue Defendants based on the security guard's alleged search and seizure of her medication. This allegation is less relevant to the statute's subject matter than those of the other cases, where the courts held there was no civil cause of action. The Court thus holds that 42 U.S.C. §§ 1395cc and 1396a do not create a private cause of action for Plaintiff. Accordingly, the Court lacks federal question jurisdiction over Plaintiff's patient self-determination count.

### D. Count IV: Elder Patient Abuse

Plaintiff alleges that the guard committed elder abuse because he intentionally caused Plaintiff emotional distress during his search of her medication bag and purse. ECF No. 1 ¶¶ 43–44. She contends that Defendants are liable for elder abuse because she was over 60 years of age, was in HUP's care and custody, and the guard's forcible seizure of her bag constitutes elder abuse. ECF No. 10 at 6.

Plaintiff does not cite to a federal statute offering a private cause of action for elder patient abuse.[4] Other courts have dismissed similarly pled counts under Federal Rule of Civil Procedure

---

[4] Plaintiff states that "[m]any states have enacted laws like the California Elder Abuse and Dependent Adult Civil Protection Act . . . that create a specific cause of action for elder abuse." ECF No. 14 at 5. California's statute and those of other states are irrelevant to establish this Court's federal question jurisdiction.

12(b)(6) because no relevant private cause of action exists. *See, e.g.*, *Adkins v. Sogliuzzo*, No. CIV.A. 09-1123 SDW, 2013 WL 5468970, at *17 (D.N.J. Sept. 30, 2013) (holding that "there is no private right of action for elder abuse under New Jersey law"). This Court similarly finds no federal statutes that create a private cause of action. Accordingly, the Court lacks federal question jurisdiction over Plaintiff's elder patient abuse claim.

### IV. DIVERSITY JURISDICTION

As discussed above, the Court lacks federal question jurisdiction, and Plaintiff does not allege that the Court has diversity jurisdiction. Regardless, the Court holds that it does not have diversity jurisdiction because the parties' citizenship is not diverse. Diversity jurisdiction requires that Plaintiff and each Defendant are not citizens of the same state and that the amount in controversy exceeds $75,000. *Midlantic Nat'l Bank*, 48 F.3d at 696; 28 U.S.C. § 1332. Plaintiff demands $400,000 in the Complaint, consisting of $25,000 in damages from each Defendant. ECF No. 1 at 8. However, the parties are not diverse because Plaintiff is a resident of Montgomery County and Plaintiff lists the "County of Residence of the First Listed Defendant" as Philadelphia County. *Id.* at 9. Accordingly, the Court does not have diversity-based subject matter jurisdiction.

### V. CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff Biggs El's Complaint for lack of subject matter jurisdiction without prejudice to her to refile her claim in the appropriate forum. An appropriate order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

———————————————

**CHAD F. KENNEY, JUDGE**